J-S26021-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY JAMES NAU | : | |
| | : | |
| Appellant | : | No. 1528 WDA 2019 |

Appeal from the PCRA Order Entered February 4, 2019
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000538-2016

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                FILED OCTOBER 14, 2020

Gary James Nau appeals from the order denying him relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. He raises ineffectiveness claims. We affirm in part, reverse in part, and remand with instructions.

In April 2017, Nau entered a negotiated guilty plea to 14 counts of Burglary and one count each of Corrupt Organizations, Dealing in Proceeds of Unlawful Activities, Conspiracy to commit Corrupt Organizations, Conspiracy to commit Burglary, Attempted Burglary, and Theft by Unlawful Taking or Disposition.[1] The plea agreement provided for an aggregate sentence of nine to 25 years, but gave the court discretion in the structuring of the sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a), 911(b), 5111(a), 903(a), 901(a), and 3921(a), respectively.

The trial court imposed concurrent terms of three to 10 years' incarceration for all counts of Burglary, Conspiracy, and Attempted Burglary; concurrent terms of eight to 20 years' incarceration for Corrupt Organizations, Dealing in Proceeds of Unlawful Activities, and Conspiracy to commit Corrupt Organizations; and a consecutive term of one to five years' incarceration for Theft by Unlawful Taking. Nau's aggregate sentence was nine to 25 years' incarceration. The court also imposed restitution. Nau did not file a direct appeal.

In March 2018, Nau filed the instant, timely PCRA petition raising claims of ineffective assistance of counsel. He filed an amended PCRA petition in September 2018 and the PCRA court appointed counsel. Following a hearing, the PCRA court denied Nau's petition. In September 2019, Nau filed a Motion to Reinstate Appellate Rights Nunc Pro Tunc, which the PCRA court granted. In the motion, Nau asserted that he did not receive notice of the denial of his PCRA petition and therefore "could not advise [counsel] of his intention to appeal the [c]ourt's decision." Motion to Reinstate Appellate Rights Nunc Pro Tunc, filed 9/20/19, at ¶ 6. This timely appeal followed.

Nau raises ineffectiveness claims on appeal:

> I. Was trial counsel ineffective in failing to properly advise [Nau] regarding the elements of corrupt organizations, conspiracy to corrupt organizations, and dealing in proceeds and did the [c]ourt commit reversible error in accepting the guilty pleas since the facts failed to support those allegations?

- 2 -

II. Was trial counsel ineffective in failing to object to the sentence of theft to run consecutive to those of burglary when the charges must be merged for sentencing purposes?

III. Was trial counsel ineffective in failing to object to the restitution awarded when it was not established that Nau could afford to pay those amounts and still meet his basic living expenses?

Nau's Br. at 4.

When reviewing the denial of a PCRA petition, we determine "whether the evidence of record supports the court's determination and whether its decision is free of legal error." Commonwealth v. Beatty, 207 A.3d 957, 961 (Pa.Super. 2019), appeal denied, 218 A.3d 850 (Pa. 2019).

We presume counsel was effective and the petitioner bears the burden of pleading and proving otherwise. See Commonwealth v. Fears, 86 A.3d 795, 804 (Pa. 2014). To do so, the petitioner thus must plead and prove all the following: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error." Id. (quoting Commonwealth v. Lesko, 15 A.3d 345, 373–74 (Pa. 2011)). When claiming counsel was ineffective in connection with the entry of a guilty plea, a petitioner must plead and prove that counsel's alleged ineffectiveness caused the petitioner to enter an unknowing or involuntary plea. Commonwealth v. Barndt, 74 A.3d 185, 192 (Pa.Super. 2013).

For his first issue, Nau argues that trial counsel was ineffective for allowing him to plead guilty to charges that were not supported by the "facts." See Nau's Br. at 9. He references his testimony at the PCRA hearing that while he admitted to being involved in the burglaries, he "denied being part of a corrupt organization." Id. He claims that he "was told he would have to plead guilty" to Corrupt Organizations, conspiracy to commit Corrupt Organizations, and Dealing in Proceeds of Unlawful Activities, without counsel explaining the elements of and defenses to those crimes. Id. at 10.

This claim lacks merit. Nau ignores that guilty plea counsel testified at length at the PCRA hearing that he reviewed the guilty plea colloquy form with Nau, including the elements of the crimes, and that there was extensive evidence supporting each of the charges to which Nau pleaded guilty. The PCRA court credited counsel's testimony, and we are bound by its credibility determination. See Commonwealth v. Todd, 820 A.2d 707, 712 (Pa. Super. 2003).

Next, Nau alleges that counsel was ineffective for failing to object to the trial court's imposition of consecutive sentences for the burglary and theft convictions because they should have merged. Nau's Br. at 12. Convictions merge for sentencing purposes where "the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S.A. § 9765. Where merger is appropriate, "the court may sentence the defendant only on the higher graded offense." Id.

The subsection of the Burglary statute under which Nau pleaded guilty provides that a crime occurs when a person, "with the intent to commit a crime therein," "enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present." 18 Pa.C.S.A. § 3502(a)(4). Theft by Unlawful Taking occurs when a person "unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). Additionally, the Burglary statute states that a person may only be sentenced for both burglary and the offense "which it was his intent to commit after the burglarious entry[,]" when the additional offense is a felony of the first or second degree. 18 Pa.C.S.A. § 3502(d).

The PCRA court agreed that the Theft conviction should have merged with the Burglary conviction as a lesser included offense, but denied relief because it concluded that Nau did not sustain prejudice. PCRA Ct. Op. at 7-8. The court stated that notwithstanding the concededly illegal sentence, "Nau received the benefit of the bargain, and in light of the progression and tenor of negotiations, there can be no doubt that a timely objection by [trial counsel] would have resulted in nothing more than the [c]ourt transferring the consecutive 1-5 to a different charge." Id.

Although Theft by Unlawful Taking does not have the same elements as Burglary, the convictions merge because Theft by Unlawful Taking is graded as a felony of the third degree. See 18 Pa.C.S.A. § 3502(d); Sentencing Order,

filed 4/10/17. Therefore, the sentence on the Theft conviction constitutes an illegal sentence and we must vacate it. See Commonwealth v. Syno, 791 A.2d 363, 365 (Pa.Super. 2002). We reverse the PCRA court's denial of relief for this claim and remand with instructions for the lower court to vacate the consecutive sentence of one to five years' incarceration for Nau's theft conviction. The court shall restructure the sentence upon resentencing to give effect to the plea agreement.

Finally, Nau claims that plea counsel was ineffective for failing to challenge the trial court's imposition of restitution as part of Nau's sentence, without first determining his ability to pay. See Nau's Br. at 14-15.

"Section 1106 of the Crimes Code specifies that restitution is mandatory and the defendant's financial resources, i.e., his ability to pay, is irrelevant unless and until he defaults on the restitution order." Commonwealth v. McCabe, 230 A.3d 1199, 1208 (Pa.Super. 2020), appeal granted, No. 226 MAL 2020, 2020 WL 5014921 (Pa. Aug. 25, 2020) (citing Commonwealth v. Colon, 708 A.2d 1279, 1284 (Pa.Super. 1998)). Here, the restitution that the trial court imposed as a part of Nau's sentence was mandatory and Nau's ability to pay was irrelevant unless and until he defaults on the restitution order. See id. Trial counsel was not ineffective for failing to object to the court's imposition of restitution in Nau's sentence because the underlying claim is meritless. Accordingly, we affirm in part, reverse in part, and remand with instructions.

Order affirmed in part and reversed in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2020